UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DAVID RAPOSA                                              CIVIL ACTION NO. 05-1060

versus

COMMISSIONER OF THE SOCIAL                     MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

## MEMORANDUM RULING

### Introduction

David Raposa ("Plaintiff") was diagnosed with Hodgkin's lymphoma in 1999 and underwent courses of chemotherapy and radiation. The disease was later reported to be in remission, and Plaintiff returned to his work as a chemical engineer until March 2002. Plaintiff contends that conditions brought about by his treatment left him unable to work. Plaintiff has a college education and was 46 years old when ALJ W. Thomas Bundy denied his claim in September 2004. The Appeals Council denied a request for review, and Plaintiff filed this civil action seeking the limited judicial review that is available under 42 U.S.C. § 405(g). The parties filed written consent to have the undersigned magistrate judge decide the case, and the case was then referred to the undersigned pursuant to the standing order of the district court governing social security cases.

### Issues on Appeal

Plaintiff raises three errors: (1) the ALJ failed to give controlling weight to the opinions of treating physicians, (2) the ALJ did not properly evaluate the credibility of

Plaintiff's testimony; and (3) the ALJ should have re-contacted Plaintiff's treating physician rather than direct a consultative examination.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Summary of the ALJ's Decision**

The ALJ analyzed the claim pursuant to the five-step sequential analysis set forth in 20 C.F.R. § 404.1520 (governing claims for disability insurance benefits) and § 416.920 (parallel regulations governing claims for Supplemental Security Income) and described in Barnhart v. Thomas, 124 S.Ct. 376, 379-80 (2003). He found that Plaintiff had not engaged in substantial gainful activity (step one). He rejected a claim of a severe mental impairment, but he found that Plaintiff did have a history of extensive treatment for Hodgkin's disease, in remission, peripheral neuropathy of the lower extremities with chronic pain, and chronic

fatigue, impairments that are severe within the meaning of the regulations (step two) but not severe enough to meet or equal a listed impairment (step three).

The ALJ then engaged in a lengthy discussion of the testimony and medical evidence to assess Plaintiff's residual functional capacity ("RFC").  He determined that Plaintiff had the RFC to perform all demands of medium work, which involves occasional lifting of no more than 10 pounds and lifting up to 25 pounds frequently.  It requires standing and walking for up to 6 hours during an 8-hour workday and sitting intermittently.  See 20 C.F.R. § 404.1567(b) and Social Security Ruling 83-10.  The ALJ then concluded the analysis at step four when he found that Plaintiff's RFC permitted him to perform the demands of his past relevant work as a chemical engineer, either as the job was actually performed or as it is generally performed in the national economy.  Tr. 15-33.

**Treating Physician's Opinions**

Dr. Holder, a treating physician and pain specialist, completed questionnaires that suggested limitations far greater than those ultimately found by the ALJ.  There is no competing first-hand medical evidence that includes findings that would support the determination that Plaintiff had the RFC to perform medium work.  The only positive or affirmative evidence that suggests such abilities comes from the opinion of a non-examining state agency physician.  Tr. 262-69.

The opinion of a treating physician who is familiar with the claimant's impairments, treatments and responses, should be accorded great weight in determining disability.  The

treating physician's opinion on the nature and severity of a patient's impairment will be given "controlling weight" if it is well supported by medical evidence and not inconsistent with other substantial evidence. Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000).

The ALJ may, however, discount the weight of a treating physician's opinion when good cause is shown. Good cause exists when a treating physician's opinion is conclusory, unsupported by medically acceptable techniques or is otherwise unsupported by the evidence. Newton, 209 F.3d at 455-56. The regulations provide that the Commissioner "will always give good reasons" for the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(d)(2). The regulation specifically requires consideration of:

(1) the physician's length of treatment of the claimant;

(2) the physician's frequency of examination;

(3) the nature and extent of the treatment relationship;

(4) the support of the physician's opinion afforded by the medical evidence of record;

(5) the consistency of the opinion with the record as a whole; and

(6) the specialization of the treating physician.

Even if the treating source's opinion is not well supported by medically acceptable evidence or is inconsistent with other substantial evidence in the record, that means only that the opinion is not entitled to controlling weight. It is still entitled to some deference and must be weighed using all of the factors in the above list. Newton, 209 F.3d at 456. And

Newton made clear that "an ALJ is required to consider each of the § 404.1527(d) factors before declining to give any weight to the opinions of the claimant's treating specialist." Id. The Newton case was remanded to permit that analysis.[1]

The ALJ did give lengthy and considered reasons for essentially disregarding Dr. Holder's opinions. Despite the care the ALJ took in explaining his reasons, he did not specifically address each of the Newton factors. Furthermore, Newton suggests that even if the ALJ properly rejects the opinion of the treating physician as inadequate to receive controlling weight, he should seek clarification or additional evidence from that physician. Newton explained as follows:

> The Court concludes that, absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2). Additionally, <u>if the ALJ determines that the treating physician's records are inconclusive or otherwise inadequate to receive controlling weight, absent other medical opinion evidence based on personal examination or treatment of the claimant, the ALJ must seek clarification or additional evidence from the treating physician</u> in accordance with 20 C.F.R. § 404.1512(e).

Newton, 209 F.3d at 453 (underlines added; italics in original).

The ALJ did attempt to obtain other first-hand evidence through a consultative examination (which Plaintiff failed or declined to attend), but Newton and the regulations

---

[1] Later cases have stated that the six-factor review is required only when there is an absence of competing first-hand medical evidence. Frank v. Barnhart, 326 F.3d 618, 620 (5th Cir. 2003); Nall v. Barnhart, 78 Fed. Appx. 996 (5th Cir. 2003).

it cites suggest that the ALJ should first have attempted to obtain clarification or additional evidence from Dr. Holder.

**Conclusion**

The court is ordinarily hesitant to reverse a decision in which the ALJ has taken such great care to set forth his reasoning. But the circumstances of this case, and it is a close case on the legal issue presented, compel a reversal and remand to be faithful to the holdings of Newton and to ensure that there is substantial evidence to support the ALJ's decision. Accordingly, a judgment will be entered reversing the Commissioner's decision and remanding this case to the agency for further proceedings, all in accordance with the fourth sentence of 42 U.S.C. § 405(g).

On remand, the ALJ should attempt to obtain additional or clarifying evidence from Dr. Holder so that she has an opportunity to address or cure the concerns the ALJ expressed about her reports. The ALJ, and Plaintiff, may also take any other steps permitted by the regulations and further explore the issues addressed herein or any other relevant matters. See 20 C.F.R. § 404.983 (following a federal court remand, "[a]ny issues relating to your claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case."). See also Social Security Law and Practice, § 55:74 (there is ordinarily "no limit on a claimant's supplementing the record on remand" after a sentence four or sentence six remand).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 16th day of February, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE