UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DAVID RAPOSA                                   CIVIL ACTION NO. 05-1060

versus                                         REFERRED TO:

COMMISSIONER OF THE SOCIAL                     MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

# MEMORANDUM RULING

The Commissioner of the Social Security Administration denied an application for benefits filed by David Raposa ("Plaintiff"). Plaintiff appealed the denial to this court and filed a brief in support of his position. The undersigned issued a ruling and judgment that the agency decision be reversed and the case remanded pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff now presents an Application for Approval of Attorney Fee under the Equal Access to Justice Act ("EAJA"), 28 U. S. C. § 2412(d)(1)(A). The Commissioner has not filed any timely opposition.

**Entitlement to Award**

The EAJA provides that a court shall award attorney fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust. § 2412(d)(1)(A). A party who obtains a remand of a social security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. Breaux v. U.S. D.H.H.S., 20 F.3d 1324 (5th Cir. 1994). The prevailing party is entitled to fees unless the government meets its burden of showing that its position was

substantially justified or that special circumstances make an award unjust. Baker v. Bowen, 839 F.2d 1075, 1080 (5th Cir. 1988). The Commissioner does not contest that Plaintiff is the prevailing party and entitled to an award of EAJA fees, so an award should be granted.

**Hourly Rate**

The next issue is the hourly rate that should be used to calculate the fee award. The EAJA provides in relevant part that the amount of fees awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living ... justifies a higher fee." § 2412(d)(2)(A)(ii). Plaintiff asks the court to award the base fee of $125 per hour, which is the rate routinely awarded in the Western District of Louisiana. See Demmel v. Commissioner, 03 CV 1673 (W.D. La. 8/25/04).

**Compensable Hours and Total Award**

Plaintiff's counsel has submitted an itemized time sheet that indicates a total of 28.95 hours in attorney time, all of which was dedicated to work on the judicial appeal or the fee application. The Commissioner does not dispute the reasonableness of the hours. The court has reviewed the time entries and finds that the time claimed is reasonable under the circumstances.

Accordingly, the Application for Attorney Fees (Doc. 24) is **GRANTED,** and the United States is ordered to pay Plaintiff attorney fees pursuant to the EAJA in the amount of **$3,618.75.**

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 3rd day of May, 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE