UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DAVID RAPOSA                                            CIVIL ACTION NO. 05-cv-1060

VERSUS

U.S. COMMISSIONER SOCIAL                    MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

## MEMORANDUM RULING

David Raposa ("Plaintiff") commenced this civil action to appeal the Commissioner's denial of disability benefits. This court entered a judgment that reversed and remanded the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Soon afterward, the court granted Plaintiff's motion for fees under the Equal Access to Justice Act ("EAJA") and awarded $3,618.75.

More than two years later, Plaintiff returned with a Motion for Attorney Fees (Doc. 27) pursuant to 42 U.S.C. § 406(b). Plaintiff reported that he was successful on remand in obtaining an award of benefits. The total past due benefits at that time were $26,678. The agency withheld 25% of that amount, or $6,669.50, to pay any approved attorney fees.

Counsel's motion is supported by a copy of a fee agreement between Plaintiff and counsel. It provides that if it is necessary to appeal the case to federal court, the attorney will be paid a fee equal to the greater of (a) 25% of past due benefits payable to Plaintiff or (b) The EAJA fee approved by the federal court. Counsel asks that the court approve a Section

406(b) fee for representation before the court in the amount of $6,669.50, which is the entire 25% of the past due benefits. Counsel submits time sheets that reflect a total of 28.95 hours spent relevant to the federal court appeal. The full award would equate to just over $230 per hour.

An initial issue is timeliness. The time period for filing a fee motion under Section 406(b) is governed by Fed. R. Civ. Proc. 54(d)(2) and applicable local rules. Pierce v. Barnhart, 440 F.3d 657, 663 (5th Cir. 2006). That time has passed, but the circumstances of this case, in which the actual award was not made until long after the court's judgment, warrant the exercise of the court's discretion to extend that time period. The extension is consistent with the practice of the undersigned and other judges in this district. See, e.g., Rushing v. Astrue, 2009 WL 1010213 n.3 (W.D. La. 2009) and Jeter v. Commissioner, 2009 WL 909257, *3 (W.D. La. 2009).

With respect to the substance of the motion, Plaintiff signed a contingency fee agreement to pay 25% of any past due benefits awarded. That agreement may provide the amount of the Section 406(b) award so long as the amount is reasonable under the facts of the case. Gisbrecht v. Barnhart, 122 S.Ct. 1817, 1828 (2002). In the Fifth Circuit, Section 406(b) is construed to limit the combined amount of attorney fees awarded by the agency under Section 406(a) and by the court under Section 406(b) to a total of 25% of the past due

benefits. Dawson v. Finch, 425 F.2d 1192 (5th Cir. 1970).[1] Thus, the court must take into consideration any amount awarded by the agency.

Counsel reported in his reply memorandum that the Commissioner has awarded him a fee of $5,300 (the maximum allowed) for his services before the agency. Therefore, counsel correctly suggests, the amount now at stake in this fee motion is reduced to $1,369.50. The considerations in determining the reasonableness of an award are the competing interests of reducing the cost of representation to claimants and ensuring adequate compensation to attract attorneys to represent social security claimants. After reviewing the record, and considering those factors, the court finds that the $1,369.50 (equivalent to $47.30 per hour for the 28.95 hours of work before the court) easily passes review for reasonable under the circumstances.

The Commissioner has no direct interest in the Section 406(b) award, but he does act as a trustee on behalf of the claimant. Gisbrecht, 122 S.Ct. at 1823 n.6. The Commissioner's only objection to this motion is that the time period for which Plaintiff received past due benefits (based on a finding that he was disabled as of July 2007) is not related to the time period that was at issue in this 2005 civil action. It was in February 2007 when this court ordered a remand to the Commissioner. Plaintiff ultimately prevailed before the agency

---

[1] There is a circuit split on this issue, with some courts holding that a court may award an amount equal to 25% of past due benefits, irrespective of any amount awarded by the agency under Section 406(a). See Clark v. Astrue, 529 F.3d 1211 (9th Cir. 2008) (describing the split).

when he received a Notice of Award in May 2009 that stated he was entitled to monthly benefits based on the July 2007 onset date. The Commissioner argues that Plaintiff was not found disabled or entitled to past due benefits for the time frame at issue when this appeal was filed, so counsel should not receive compensation for the efforts before the court.

Counsel for Plaintiff responds that, but for the appeal to this court, Plaintiff would not have been awarded any benefits. The work before this court led directly to the award that Plaintiff did receive, and counsel is continuing to challenge within the agency the finding that Plaintiff was not disabled before 2007. Perhaps Plaintiff could have obtained the same result even if he had not filed this appeal but had simply filing a new application directed to the period for which he was ultimately found disabled. But one who keeps his original application alive and under active consideration is a better position than one whose original application has been finally denied and must start anew. The court also does not wish to encourage the filing of serial new applications while earlier applications are still under review. The court finds that counsel's efforts before the court were sufficiently related to the award to merit a fee award.

The Motion for Attorney Fees (Doc. 27) is granted. An order will be entered awarding counsel fees in the amount of $1,369.50. The fee agreement between counsel and Plaintiff provides that, in the event of an appeal to federal court, the fee will be the greater of 25% of past due benefits payable or the EAJA fee approved by the court. The 25% of past due benefits, which counsel will receive pursuant to the combined effect of the

Commissioner's prior award and the court's current order, exceeds the EAJA fee. Counsel is directed to, as he represented in his reply memorandum he would do, refund to Plaintiff the smaller EAJA fee of $3,618.75.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 22nd day of October, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE