UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DAVID RAPOSA                                CIVIL ACTION NO. 05-cv-1060

VERSUS

U.S. COMMISSIONER, SOCIAL            MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION


**MEMORANDUM RULING**

**Introduction**

  David Raposa's attorneys persuaded the court to reverse and remand an unfavorable decision by the Commissioner on a disability application. On remand, they obtained a partially favorable ruling from an administrative law judge (ALJ), and they obtained a fee award from the court and the Agency at that time. Counsel next persuaded the Appeals Council to render a fully favorable decision. They now present this court with a second request for fees based on the additional award, and they complain of actions taken by the Commissioner in connection with his second award of fees.

**Relevant Facts**

  David Raposa was diagnosed with Hodgkin's lymphoma in 1999 and underwent chemotherapy and radiation. The disease was later reported to be in remission, and Raposa returned to his work as a chemical engineer until March 2002 when he stopped working. Raposa filed an application for disability benefits under the Social Security Act. He

contended that conditions brought about by his treatment left him unable to work after March 2002.

Raposa hired the law firm of Friedman & Downey, PC in May 2003 to represent him on his claim, and he signed a contingency fee agreement. The agreement had two provisions for fees, depending on whether the claim was appealed to federal court. The first provision called for a fee of the lesser of (a) 25% of past-due benefits awarded or (b) the dollar limit imposed under federal law for fee agreement cases before the Agency (then $5,300) as increased from time to time. Raposa agreed in a second provision that if it was necessary to appeal his claim to federal court he would pay the lesser of (a) 25% of past-due benefits awarded or (b) the Equal Access to Justice Act (EAJA) fee approved by the court.

The Commissioner denied Raposa's claim for benefits. Raposa's attorneys filed this civil action to seek review. The parties filed written consent to have the undersigned Magistrate Judge decide the case, and it was then referred to the undersigned pursuant to the standing order of the district court governing social security cases.

The court entered a sentence-four judgment that reversed the Commissioner's decision, primarily for lack of adequate reasons given to discount an opinion from a treating physician, and remanded for further proceedings before the Agency. Doc. 22. Raposa's attorneys promptly filed with the court a motion for fees pursuant to the EAJA, and an award of $3,618.75 was granted. Doc. 26.

On remand, Raposa continued to press his argument that he became disabled in 2002. An ALJ issued a partially favorable decision in which he found Raposa became disabled on July 5, 2007. Based on that onset date, the Agency calculated past-due benefits in the amount of $26,678. It withheld 25% of the past-due benefits, or $6,669.50, to pay attorney fees. See Exhibits to Doc. 27.

Congress allows both the Commissioner and the courts to award fees from past-due benefits based on contingency agreements. The Commissioner may award fees under 42 U.S.C. § 406(a) for representation in the administrative proceedings. Section 406(b) controls fees for representation in court. See Rice v. Astrue, 609 F.3d 831, 834 (5th Cir. 2010). The Fifth Circuit interprets Section 406 to preclude the combination of Agency fees under Section 406(a) and court fees under Section 406(b) from exceeding 25% of the past-due benefits. Rice, 609 F.3d 835; Dawson v. Finch, 425 F.2d 1192, 1195 (5th Cir. 1970).

Raposa's attorneys applied to the Agency for a fee. The record presented to the court is not clear as to what happened before the Agency in connection with that claim, but it appears the claim was treated as being under a fee agreement (rather than a fee petition) and subject to the then $5,300 cap referred to in the first provision of the contingency fee agreement. The Commissioner awarded Raposa's attorneys a Section 406(a) fee of $5,300 for services before the Agency. Counsel filed a motion with this court for an award under Section 406(b) for $1,369.50, which was the remainder of the 25% of past-due benefits.

The Supreme Court has explicitly rejected the application of the lodestar method (reasonable hours multiplied by reasonable rate) to calculate fees under Section 406(b) when there is a contingency fee agreement. The agreement itself may provide the award so long as it is reasonable under the facts of the case. Gisbrecht v. Barnhart, 122 S.Ct. 1817 (2002). The courts may consider the lodestar in their analysis, but only if the mathematical calculation is accompanied by a consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him. This does not preclude attorneys from recovering what may seem like a high fee award if the attorney's success is of his own making. Jeter v. Astrue, 622 F.3d 371, 380-81 (5th Cir. 2010); Stoneking v. Commissioner, 2011 WL 3328538 (W.D. La. 2011).

The requested fee of $1,369.50 was entirely reasonable given the successful appeal and subsequent award of significant benefits. If the lodestar were examined, paying counsel $1,369.50 for their 28.95 hours of work before the court would result in an hourly rate of only $47.30. The Commissioner's only objection to the requested fee was that the time period for which Plaintiff received the past due benefits (based on a finding of disability as of July 2007) was not related to the time period that was an issue in this 2005 civil action. The court observed that it was in February 2007 when this court ordered a remand to the Commissioner and allowed Plaintiff to keep pressing the claim and ultimately obtain an award. Counsel's work before this court led directly to that remand and award of benefits.

The requested $1,369.50 was awarded. The court noted that counsel were continuing to challenge within the Agency the finding that Raposa was not disabled before 2007. Doc. 38.

Counsel did continue to challenge the decision with respect to the onset date, and they eventually convinced the Appeals Council to hold that Raposa was disabled since March 2002. This resulted in a significant, additional award of past-due benefits attributable to the time between the 2002 onset date and the 2007 onset date found by the ALJ.

The court does not have the benefit of the Agency record and must try to put together what happened based on the few documents that are attached to the parties' memoranda. The Agency withheld from the new award of past-due benefits $30,833.25 for potential payment of fees. This was presumably 25% of the additional past due benefits attributable to the finding of an earlier onset date. Raposa's attorneys asked the Agency to approve additional fees. This time they proceeded by a fee petition using a from SSA-1560-U4. They received an "Authorization to Charge and Collect a Fee" that said counsel was authorized to collect a fee of $30,833.25 for services provided the claimant for proceedings before the Agency. The document also stated that the Agency would directly pay the fee from the claimant's past due benefits.

Counsel received a check from the Agency several months later, but it was for only $24,163. Counsel represent that the Agency informed them that it deducted from the amount approved in the fee authorization the amounts of $5,300 paid two years earlier and the Section 406(b) fee of $1,369.50 previously authorized by the court. Counsel represent in

their fee motion that there were some communications (not in the judicial record) between counsel and a representative of the Appeals Council about the propriety of the deductions, but the deductions were not restored.

**Motion for Section 406(b) Fees**

Counsel for Raposa have now returned to court in an effort to collect an additional award under Section 406(b) that will make up for what the Agency deducted and result in a total fee equal to the 25% of past-due benefits Raposa agreed to pay. Counsel presented a Motion for Attorney Fees (Doc. 44) and asked for an additional Section 406(b) award of $5,300. Counsel did not ask for an award equal to the $1,369.50 deduction because they understood at the time they filed their motion that the Appeals Council had been persuaded "that the 406(b) fee should not have been subtracted, so hopefully that reduction will be restored." That hope did not come true. Counsel later filed a Motion for Order to Show Cause (Doc. 54) that attacks this reduction. It will be addressed below, after the fee motion.

The Commissioner objects that an additional award would not satisfy the purpose of Section 406(b) fees, compensation of counsel for time spent before the federal court, because counsel has spent no time before the court since the first award of Section 406(b) fees. The Commissioner characterizes the request as one for a duplicate award of fees in an effort to avoid the Agency's $5,300 reduction of the administrative fee award.

Counsel were not required to perform additional work before the court to earn this additional fee. They were entitled to it under the terms of the contingency fee agreement, so

long as the award is reasonable. Had the ALJ on remand found that Raposa was disabled as of 2002, counsel likely would have immediately collected from the Agency and the court the full measure of fees they now seek. Instead, the ALJ made a less generous ruling, and counsel collected 25% of the resulting past-due benefits, as they were entitled. The Appeals Council later held that the ALJ was incorrect and should have awarded even more past-due benefits based on the earlier onset date, which generated additional available fees under the contingency fee agreement.

The requested fee award is not for services performed in court since the first award. There were no such services, and there need not have been. The requested fees are additional compensation to which counsel are entitled to collect under their contract for the same 28.95 hours they spent in court. Had counsel not prevailed on that appeal, which was no small accomplishment as evidenced by the court's decision, it is likely that Raposa would never have received any benefits for dates earlier than the 2004 ALJ decision that was reversed. Accordingly, counsel's efforts in this court preserved the ability of Plaintiff to ultimately recover a large sum of money.

The combination of the original Section 406(b) award of $1,369.50 and the now requested $5,300 would total $6,669.50, which equates to just over $230 per hour for the court services. There is no indication that the success came from anything other than counsel's efforts, so there is no grounds to suggest this fee award constitutes a windfall. The court need not explore the basis for or propriety of the Appeals Council's deduction of the

$5,300 amount from its award. The court need only rule on the motion for fees that is before it. That requires a finding that an award of $5,300 under Section 406(b), in addition to the smaller award made earlier, is reasonable and in accordance with the contingency fee agreement. It is. Counsel for Raposa represents that the total of all collected fees, assuming this award is granted, will not exceed 25% of all past-due benefits awarded. The Commissioner does not challenge that representation. Accordingly, for the reasons stated above, the **Motion for Attorney Fees (Doc. 44)** is **granted** in the amount of $5,300. A separate order will be entered to reflect the award.

**Motion for Order to Show Cause**

Counsel for Raposa followed their fee motion with a Motion for Order to Show Cause (Doc. 54). They ask that the Commissioner show cause why he should not be held in contempt for deducting from the Section 406(a) fee $1,369.50, which was representative of the court's earlier award under Section 406(b). Counsel does not point to any authority that authorizes the court to conduct judicial review of a Section 406(a) fee award. The Fifth Circuit recently declined to address similar arguments. Kellems v. Astrue, 628 F.3d 215 (5th Cir. 2010). Some courts hold that there is no jurisdiction to conduct such a review. See, e.g., Thomason v. Schweiker, 692 F.2d 333, 336-37 (4th Cir. 1982); Bloch on Social Security, § 6:4 ("An administrative fee award generally is not subject to judicial review."). To the extent counsel invoke the court's jurisdiction to review the Section 406(a) award, the burden is on them to articulate a basis for its exercise. They have not done so.

There is no basis to hold the Commissioner in contempt based on the alleged violation of the first 406(b) fee order. Counsel admit that the Commissioner paid in full the $1,369.50 awarded in that order. The much-later determination by the Agency that the amount of that court award (and the amount of the Agency's original award) should be deducted from a subsequent Section 406(a) fee-petition award may be debatable, but that mere fact, and it is all we have in the current record, does not suggest behavior warranting a finding of contempt. It may even be that the deduction was appropriate based on the contents of the fee petition, but the court has only the first page of the petition so cannot even hazard a guess. It appears that counsel have used the contempt route as a roundabout means of having the court conduct judicial review of the Section 406(a) fee award. They have not demonstrated that either means of attack warrants judicial relief. Accordingly, the **Motion for Order to Show Cause (Doc. 54)** is **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of November, 2011.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE